UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOE ALBERT RAUCH,

                Plaintiff,

v.                                                Case No. 20-cv-0360-bhl

MARK SHEREMETA,

                Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (ECF NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

       Joe Albert Rauch, an inmate at Dodge Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant strip-searched him without a warrant while arresting him. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee (ECF No. 2) and screens his complaint (ECF No. 1).

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (ECF No. 2)**

       The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. §1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

       On September 11, 2020, the Court granted the plaintiff's motion to waive the initial partial filing fee. (ECF No. 14.) The Court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. He must pay the full filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes liberally complaints filed by plaintiffs who are representing themselves. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### B. The Plaintiff's Allegations

The plaintiff alleges that on December 5, 2019, he was wanted on felony and misdemeanor warrants. He was hiding at a residence in Milwaukee between two mattresses on the basement floor. He alleges that Milwaukee Police Officer Mark Sheremeta came to the basement, announced himself as a police officer, and ordered the plaintiff to "come out." (ECF

2

No. 1 at 2–3.) The plaintiff pushed off the top mattress and laid flat on his stomach with his hands extended in front of him. Officer Sheremeta did not perform a pat-down search but instead approached the plaintiff and pulled down his pants and underwear, exposing the plaintiff's buttocks. Officer Sheremeta screamed "w[h]ere's the 'gun'" before pulling down the plaintiff's pants. He then flipped over the plaintiff and again pulled down his pants and underwear, exposing the plaintiff's genitals. The plaintiff alleges that Officer Sheremeta did not have a warrant to perform the strip-search. He alleges that the incident was captured on Officer Sheremeta's body camera. (*Id.* at 3.)

### C. Analysis

At the time of the search, the plaintiff was being arrested. His claim therefore falls under the Fourth Amendment, which guarantees citizens the right "to be secure in their persons . . . against unreasonable searches." U.S. Const. amend IV. The Fourth Amendment protects only those expectations of privacy "'that society is prepared to recognize as reasonable.'" *Henry v. Hulett*, 969 F.3d 769, 777 (7th Cir. 2020) (quoting *Oliver v. United States*, 466 U.S. 170, 177 (1984)). To determine whether a particular search violated a person's Fourth Amendment rights, the Court must balance "the need for the particular search against the invasion of personal rights that the search entails." *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 560 (1979)).

The plaintiff alleges that Officer Sheremeta conducted what amounted to a strip search, unreasonably and without a warrant. The Seventh Circuit has confirmed that strip searches require heightened justification because of their degrading quality. *Henry*, 969 F.3d at 777 (citing *Mary Beth G. v. City of Chicago*, 723 F.2d 1263, 1272 (7th Cir. 1983), and *Canedy v. Boardman*, 16 F.3d 183, 185 (7th Cir. 1994)). The question is whether Officer Sheremeta conducted an unreasonable custodial strip-search. *See Stanley v. Henson*, 337 F.3d 961, 963 (7th Cir. 2003). It is not appropriate at screening to conduct the necessary balancing test to determine whether Officer Sheremeta's actions violated the plaintiff's rights, especially with the limited detail about the search and circumstances provided in the complaint. Taking as true the plaintiff's allegations and construing them in his favor, the plaintiff sufficiently alleges a Fourth Amendment violation. The Court will allow him to proceed on this claim against Officer Sheremeta.

3

**III. Conclusion**

The Court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. (ECF No. 2.)

The Court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendant Mark Sheremeta under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for either the Court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The Court is not involved in collection of the fee.

The Court **ORDERS** defendant Sheremeta to file a responsive pleading to the complaint within sixty days of service.

The Court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the full $350 filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The Court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The Court **ORDERS** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

The Court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

and e-mail documents to the Court.  Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS.  It will only delay the processing of the matter.

The Court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the Court sets, the Court may dismiss the case based on his failure to diligently pursue it.  The parties must notify the Clerk of Court of any change of address.  The plaintiff is reminded that it is his responsibility to promptly notify the Court if he is released from custody or transferred to a different institution.  The plaintiff's failure to keep the Court advised of his whereabouts may result in the Court dismissing this case without further notice.

The Court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners.  Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 16th day of October, 2020.

BY THE COURT:

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge